IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BIANCA HERNANDEZ             *

    Plaintiff,             *

v.                           *   Civil Action No.: 1:10-CV-00539-RDB

CARLSON HOLDINGS INC.,       *
  d/b/a TGI Fridays, *et al.*,
                             *
    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On July 28, 2010, Plaintiff Bianca Hernandez ("Hernandez") filed a Motion to Remand Removed Action. (Paper No. 18.) Hernandez alleges that this action should be remanded because her Amended Complaint seeks to recover $70,000, which is under the statutory minimum required by 28 U.S.C. § 1332(a) for this Court to have original jurisdiction based on diversity of citizenship. Defendants Carlson Holdings, Inc., d/b/a TGI Fridays ("Carlson") and Libbey Glass, Inc. ("Libbey") filed an opposition. (Paper No. 19.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, Plaintiff's Motion to Remand Removed Action is DENIED.

## BACKGROUND

On January 22, 2010, Hernandez filed this action against Carlson and Libbey in the Circuit Court for Baltimore City (Case No. 24-C-10-000691). Hernandez alleges that a pilsner glass shattered in her hand during a visit to a TGI Fridays restaurant in White Marsh, Maryland, causing tissue and tendon damage to her right thumb. Am. Compl. ¶¶ 4-10 (Paper No. 16.)

1

Hernandez alleges that Libbey supplied the glass at issue to Carlson and that Carlson failed to inspect the defective and dangerous glass before it was given to her. *Id.* at ¶¶ 18-21. In her original Complaint, Hernandez sought $150,000 in damages from each defendant. Compl. ¶¶ 17 and 21 (Paper No. 2.) On March 4, 2010, Libbey filed a Notice of Removal (Paper No. 6) in this Court asserting, pursuant to 28 U.S.C. § 1332, that complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000. After the case was removed to this Court, Hernandez amended the original Complaint. (Paper No. 16.) The Amended Complaint contains no change from the original Complaint except for a reduction in damages sought against both defendants, now $35,000 each. On July 28, 2010, Hernandez filed a Motion to Remand Removed Action, arguing that the amount in controversy is now insufficient to meet the diversity requirements pursuant to 28 U.S.C. § 1332. (Paper No. 18.)

## STANDARD OF REVIEW

United States District Courts obtain diversity jurisdiction where the action is between citizens of different states and the matter in controversy is greater than $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction is determined as of the date the suit is filed, "regardless of later changes in originally crucial facts such as . . . the amount in controversy." *Porsche Cars N. Am., Inc. v. Porsche.Net*, 302 F.3d 248, 255-56 (4th Cir. 2002). As this Court previously held, if diversity jurisdiction exists at the time the action is filed and removed to federal court, a "plaintiff's amended complaint reducing the damages claimed provides no basis for remanding the case." *Gardner v. AMF Bowling Ctr., Inc.*, 271 F. Supp. 2d 732, 733 (D. Md. 2003).

## ANALYSIS

Hernandez argues that this Court should remand this case back to the Circuit Court for Baltimore City because her Amended Complaint seeks damages of less than $75,000. However, Hernandez's original Complaint which was first filed in the Circuit Court for Baltimore City and then removed to this Court, sought damages of $150,000 from each defendant. It is well established that "if [a] plaintiff attempts to reduce the amount of [her] claim after removal in order to have the action remanded to the state court on the ground that the required amount in controversy is lacking . . . the court will not be deprived of subject matter jurisdiction." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1477 (3d ed. 2004) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938)).

In *Gardner v. AMF Bowling Ctr., Inc.*, the plaintiff visited AMF Bowling Centers ("AMF") and filed suit against the bowling alley in the Circuit Court for Baltimore County for $250,000 after she slipped and fell on the premises. 271 F. Supp. 2d at 733. AMF removed to this Court based on federal diversity jurisdiction. *Id.* After removal, the plaintiff filed an amended complaint which requested damages to the order of $74,999.99. *Id.* The plaintiff then filed a motion to remand the case because she sought less than $75,000 in damages. *Id.* This Court held that diversity existed at the time the case was filed and removed to federal court; therefore, Gardner's amended complaint did not provide any basis for remand. *Id.*

The facts at issue in this case are similar to those in *Gardner*. As in *Gardner*, Hernandez's original Complaint sought more than $75,000 at the time the action was first filed in state court. The defendants in this case, like those in *Gardner*, removed the action to this Court. After the case was successfully removed to this Court, both Gardner and Hernandez amended their complaints to seek damages of less than $75,000. Gardner's amended complaint was not

found to provide adequate basis for remand; similarly, Hernandez has provided no basis for remanding this case back to the Circuit Court for Baltimore City.

For the reasons stated above, Plaintiff's Motion to Remand Removed Action (Paper No. 18) is DENIED. A separate Order follows.


October 21, 2010          /s/  *Richard D. Bennett*
                          Richard D. Bennett
                          United States District Judge